

UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
NEW YORK REGIONAL OFFICE
200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

CHRISTOPHER J. DUNNIGAN
TELEPHONE: (212) 336-0061
DUNNIGANCJ@SEC.GOV

November 26, 2019

**By ECF**
Hon. Lorna G. Schofield
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:      *SEC v. James Bernard Moore and Universal Voicetech, Inc.*, 18-civ.-7803 (LGS)

Dear Judge Schofield:

I represent the Securities and Exchange Commission ("Commission") in the above-referenced matter. Pursuant to the Court's Orders dated September 13, 2018 (Docket No. 10), October 21, 2019 (Docket No. 42) and October 22, 2019 (Docket No. 43), the Commission hereby submits: (1) a Proposed Case Management and Discovery Plan, in advance of the scheduled December 3, 2016 Initial Discovery Conference and (2) a summary of the case pursuant to the Court's September 13, 2018 Order.

**Attempts to Communicate With Defendant and**
**Proposed Case Management and Discovery Plan**

The Commission is aware via ECF notice on November 7 and 22, 2019, that the Court's attempts to provide notice of existing Scheduling Orders to defendant James Moore ("Moore") have been returned as undeliverable.

The Commission has also sent the following to Moore at his last known addresses as follows:

(1) October 24, 2019, the Commission sent the Court's October 21 & 22, 2019 Orders (Docket Nos. 42 & 43) to Moore via UPS at Metropolitan Correctional Center - New York;

(2) November 7, 2019, the Commission sent a letter to Moore via UPS at FMC Devens, in Devens, MA, enclosing Docket Nos. 10, 42, and 43, requesting Moore communicate with the Commission, enclosing the Court's template Joint Case Management and Discovery Plan, and representing to Mr. Moore that the Commission would inform the Court of any of his proposals; and

Hon. Lorna G. Schofield
November 26, 2019

> (3) November 13, 2019, the Commission sent a letter to Moore via USPS at FMC Devens, in Devens, MA, requesting Moore Communicate with the Commission and enclosing a Proposed Joint Case Management and Discovery Plan with proposed dates.

To date, Moore has not responded to any of the Commission's correspondence. The Commission has also reached out on multiple occasions to his criminal defense counsel in the related criminal case *U.S. v. Moore*, 18-cr-00759 (RMB) (the "Criminal Case"), who has also been recently unable to contact Moore. Counsel has informed the Commission that he understands Moore has completed his psychological evaluation (*see*, Docket No. 40), and has been recently transferred to the Metropolitan Detention Center - Brooklyn. Moore's criminal defense counsel informed the Commission that he would attempt to physically deliver the Commission's October 24 and November 7 correspondence to Mr. Moore when he visits him in relation to the Criminal Case.

Pursuant to Section IV.2 of the Court's Individual Rules and Procedures for Civil Cases, enclosed is the Commission's Proposed Case Management and Discovery Plan, in advance of the scheduled December 3, 2019 Initial Discovery Conference with the Court. The Commission respectfully requests that the Court enter this plan and allow discovery to proceed, with the understanding that Mr. Moore has not had any input in this plan, and may seek to modify it at a later date. The Proposed Case Management Plan and Discovery Order is identical to the one sent to Moore on November 13.

**Description of the Case**

The Commission's Complaint (Docket No. 1) alleges that Moore and Universal Voicetech, Inc., a company Moore controlled, aided and abetted an offering fraud perpetrated by Renwick Haddow in violation of Sec. 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], Section 10b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [15 U.S.C. § 240.10b-5]. The Complaint alleges that Haddow (who has now pled guilty), sold investors interests in a company known as "Bar Works," which allegedly provided co-working spaces in converted restaurants and bars. In reality, Haddow and others made material misrepresentations in marketing materials sent to investors about Bar Works while raising over $37 million from investors. Among other things, Bar Works' website and offering memoranda touted the experience of its CEO Jonathan Black and omitted any mention of Haddow, when in fact Black was wholly fictitious and Haddow, who actually controlled Bar Works, had been sued for a previous illegal investment scheme by the Financial Conduct Authority in the U.K. Haddow subsequently misappropriated the vast majority these investor funds. Moore and Universal Voicetech, Inc. aided and abetted Haddow in his fraudulent scheme by interfacing with and finding sales agents who solicited investments in Bar Works. Moore knew that the marketing materials he and his agents used to solicit investments in Bar Works omitted Haddow's name and instead listed a fictitious name and background when describing Black, the company's purported CEO. Moore received commissions from Bar Works that totaled at least $1.5 million.

Moore has filed an Answer (Docket No. 12). Universal Voicetech, Inc. is in default.

Hon. Lorna G. Schofield
November 26, 2019

### Jurisdiction and Venue

The Commission brings this proceeding under Securities Act Section 20 [15 U.S.C. ¶ 77t(b)] and Exchange Act Section 21(d) [15 U.S.C § 78u(d)(3)] as the governmental agency tasked with enforcing the Securities Act and Exchange Act. The Court has jurisdiction pursuant to Securities Act Section 22(a) [15 U.S.C. § 77v(a)] and Exchange Act Section 27 [15 U.S.C. § 78aa].  For purposes of venue, Bar Works was headquartered in Manhattan, as were several of its co-working spaces.

### Anticipated Motions

The Commission does not anticipate any motions until the close of the discovery. Given that Mr. Moore has been convicted of wire fraud in the related Criminal Case, the Commission anticipates filing a motion for summary judgment based on collateral estoppel.

### Prior Discovery

No discovery has taken place as the case was stayed until the Court lifted the stay of discovery on October 21, 2019 (Docket No. 42).

The Commission anticipates that the principle discovery in this matter will involve the deposition of Moore.

### Computation of Damages

Moore and Universal Voicetech, Inc. helped to raise over $5 million from approximately 100 investors. Moore received at least $1.5 million in commissions. The Commission requests this latter amount in disgorgement, plus prejudgment interest and civil penalties.

### Settlement Discussions

As the Commission has reached out to Moore several times with a proposed offer of settlement. However, the Commission has not heard back and as a result no settlement discussions have taken place. The Commission suggests a settlement conference (if possible) to discuss a potential bifurcated settlement.

Hon. Lorna G. Schofield
November 26, 2019

                                                  Sincerely,

                                                  /s/ Christopher J. Dunnigan

                                                  Christopher J. Dunnigan
                                                  Senior Trial Counsel

Cc:    (by email):    Michael Grudberg, Esq.
                                *Criminal defense counsel for*
                                *Defendant James B. Moore*

         (by UPS):     James P. Moore
                                MDC - Brooklyn

Enclosures:    Proposed Case Management and Discovery Plan