UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

SECURITIES AND EXCHANGE
COMMISSION,

                      Plaintiff,

                      -against-

JAMES BERNARD MOORE et al.,

                      Defendants.

18 Civ. 7803 (LGS)

ORDER GRANTING REQUEST FOR PRO BONO COUNSEL

------------------------------------------------------------

LORNA G. SCHOFIELD, United States District Judge:

WHEREAS, a conference was held in this action on April 5, 2022, during which *pro se* Defendant James Moore made an oral application for the Court to request *pro bono* counsel to represent him in this action. For the following reasons, Defendant's application is granted.

## LEGAL STANDARD

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986); *accord Hammock v. Rizzuto*, No. 20 Civ. 4175, 2022 WL 562932, at *1 (S.D.N.Y. Feb. 24, 2022). Instead, the courts have "broad discretion" when deciding whether to seek *pro bono* representation for a civil litigant. *Id.* Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989); *accord Hammock*, 2022 WL 562932, at *1. Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious

commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989), *accord Hammock*, 2022 WL 562932, at *1.

In *Hodge*, the Second Circuit Court of Appeals set forth the factors a court should consider in deciding whether to grant a litigant's request for *pro bono* counsel. *Hodge,* 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997); *accord Hammock*, 2022 WL 562932, at *1. Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## DISCUSSION

Following a jury trial in June 2019, Defendant was convicted of conspiracy to commit wire fraud and wire fraud. On February 1, 2022, Defendant was sentenced to a term of imprisonment of 140 months and three years supervised release, and ordered to pay restitution in the amount of $57,579,790, in addition to a fine of $50,000, and forfeiture in the amount of

$1,599,257.46. On February 15, 2022, Defendant filed a notice of appeal of his conviction and sentence. During the conference on April 5, 2022, Defendant stated that he could not afford a lawyer, and expressed concern about prejudicing himself in his criminal appeal by pursuing any settlement with the Commission. The Court finds that Defendant's claim is "likely to be of substance" and that it would be most efficient for the case and beneficial for Defendant if he were represented by counsel in connection with any negotiations with the Commission.

The Court similarly finds that the other *Hodge* factors weigh in favor of granting Plaintiff's application. Defendant has raised a valid concern about potentially prejudicing himself in his criminal appeal and should be advised by counsel due to the complexity of the case and related issues. In this case, representation would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61.

## CONCLUSION

For the foregoing reasons, Plaintiff's Application for the Court to Request Counsel is granted. The Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, some time may pass before counsel volunteers to represent Plaintiff. Nevertheless, this litigation will progress at a normal pace.

If an attorney volunteers, the attorney will contact Plaintiff directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and plaintiff should be prepared to proceed with the case pro se. Of course, if an attorney offers to take the case, it is entirely Plaintiff's decision whether to retain that attorney or not. The Court has established a Pro Bono Fund to encourage greater attorney representation of *pro se* litigants. *See* https://nysd.uscourts.gov/forms/pro-bono-fund-order

SO ORDERED.

Dated: April 6, 2022
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE